307 So.2d 549 (1975)
Wayne Maurice JAMES, A/K/A Offogga Quaddus
v.
STATE of Mississippi.
No. 48160.
Supreme Court of Mississippi.
February 10, 1975.
Johnson & Walker, Jackson, William H. Allison, Jr., Louisville, Ky., for appellant.
A.F. Summer, Atty. Gen. by John Underwood, Jr. and Karen Gilfoy, Sp. Asst. Attys. Gen., Jackson, for appellee.
Before GILLESPIE, INZER and BROOM, JJ.
BROOM, Justice:
A murder conviction and life sentence is appealed by Wayne Maurice James, also known as Offogga Quaddus, who was tried in the Circuit Court of the First Judicial District of Hinds County, Mississippi. Issues presented are substantially the same as in Norman v. State, 302 So.2d 254 (Miss. 1974), where the facts (identical in most respects) are set forth in detail.
In summary, a "shoot out" occurred in Jackson, Mississippi when a large number of law officers were fired upon by appellant and others ensconced in a dwelling house which was alleged to be headquarters of the Republic of New Africa (RNA). Lieutenant Skinner of the Jackson Police Department was killed by a bullet fired by Norman, who was the accused in Norman v. State, supra. Not only was the appellant, James, present, he was an *550 active participant, and according to his testimony he "fired at everything white moving." Approximately thirty lawmen including local police officers and the FBI had surrounded the house which, according to prior information of the FBI, was an armed camp in which a bunker type fortification had been constructed. Search of the premises revealed a large quantity of guns and ammunition. The officers had information from an informer, who had given other prior information found to be reliable, that one Steiner (for whom they had an arrest warrant) was present in the house.
During the trial the appellant's wife testified in his behalf and stated that on the morning of the incident, "we (she and her husband) heard loud voices on the bullhorn" saying "this is the Jackson State Police and the FBI." Further testimony given by her was to the effect that another announcement by the police indicated that they "gave us fifteen extra seconds... ." Her testimony was also that a gun was in the room occupied by her and her husband and that the gun had been furnished by some RNA member after her husband "got to the house." She testified that her husband "got his" clothes and reached for "that back gun" which she stated was an indication to her that he was not going to give himself up. According to her the extra fifteen seconds was sufficient time for appellant, as well as herself, to have made known to the police in response to the announcement, that he or they desired to exit the house. She stated that her husband did not make such a response but picked up the weapon. Clearly, the actions of the appellant were such participation, aiding and abetting of others involved in the murder of Lieutenant Skinner as to come within the purview of Mississippi Code Annotated section 97-1-3 (1972), so that he "shall be deemed and considered a principal, and shall be indicted and punished as such."
Several grounds for reversal of his conviction are assigned by appellant but we find no merit in any of them. Assignments relating to adverse rulings by the trial court as to certain pretrial motions filed by appellant were previously presented to this Court in Norman, supra, upon identical pleadings and evidence by stipulation that all of several defendants would be heard at one time as to the motions.
After carefully considering the entire record before us on the merits, including the transcript of the court reporter's notes of all testimony given at the trial, we find that the verdict and judgment were warranted and that no reversible error was committed during the entire trial.
Affirmed.
RODGERS, P.J., and PATTERSON, SMITH, ROBERTSON, SUGG and WALKER, JJ., concur.